Mr. Glenn Parker Executive Director State Board of Barber Examiners 5717 Balcones Drive, Suite 217 Austin, Texas 78731
Re: Whether the State Board of Barber Examiners may participate in the TexasOnline occupational licensing system established in Government Code section 2054.353 in light of the requirement that an applicant for an original or a renewal barber or manicurist license present a health certificate from a physician under sections 1601.264 and 1601.402(d) of the Occupations Code (RQ-0216-GA)
Dear Mr. Parker:
You ask whether the State Board of Barber Examiners (the "Board")may participate in the TexasOnline occupational licensing systemestablished in Government Code section 2054.353 in light of therequirement under sections 1601.264 and 1601.402(d) of theOccupations Code that an applicant for an original or a renewalbarber or manicurist license present a health certificate from aphysician .[1] See Tex. Gov't Code Ann. § 2054.353(a) (Vernon Supp. 2004-05); Tex. Occ. Code Ann. §§ 1601.264, .402(d) (Vernon 2004).
Currently, the Board participates in the statutorily required online licensing program and is able to receive payment of license fees online. See Board Brief, supra note 1, at 1. In addition to the occupational license or certificate renewal fee, the Board imposes a $6 online services fee for barbers and a $3 fee for manicurists who renew their licenses, regardless of whether the licensee uses the online services. See id. You further state that each licensee must mail a health certificate to the Board before the Board will issue a renewal license and that consequently only five percent of current licensees who are eligible to use the online system do so. See id. The General Appropriations Act establishes a goal that thirteen percent of the Board's licensees renew online in the fiscal year ending August 31, 2004, and eighteen percent in the fiscal year ending August 31, 2005. See General Appropriations Act, 78th Leg., R.S., ch. 1330, art. VIII-9, 2003 Tex. Gen. Laws 5023, 5782-83. The General Appropriations Act also anticipates the Board will issue ten percent of new licenses online in the fiscal year ending August 31, 2005. See id. You suggest that the barber and manicurist licensing statutes potentially conflict with the online licensing statutes and seek guidance on
 how [the Board] can be required to both participate in the Texas Online project for the issuance or renewal of licenses for which a health certificate is required and at the same time comply with the statute [providing] that applicants present a health certificate to the Board before certain licenses can be issued or renewed.
Board Brief, supra note 1, at 1.
Chapter 2054, subchapter I of the Government Code creates the TexasOnline Authority
(the "Authority"). See Tex. Gov't Code Ann. § 2054.251(a) (Vernon Supp. 2004-05). Under chapter 2054, the Authority, assisted by the Department of Information Resources ("DIR") and DIR's TexasOnline Division, must implement a project known as the TexasOnline project. See id. §§ 2054.003(4) (department means DIR); .252 (Texas Online Project); .264 (TexasOnline Division). The project is intended to establish a common electronic infrastructure for state agencies and local governments, including licensing entities, to electronically:
 (1)send and receive documents or required payments to and from:
(A) members of the public;
 (B) persons who are regulated by the agencies or local governments; and
(C) the agencies and local governments;
 (2) receive applications for original and renewal licenses and permits, including occupational licenses, complaints about occupational license holders, and other documents for filing from members of the public and persons who are regulated by a state agency or local government that, when secure access is necessary, can be electronically validated by the agency, local government, member of the public, or regulated person;
 (3) send original and renewal occupational licenses to persons regulated by licensing entities;
 (4) send profiles of occupational license holders to persons regulated by licensing entities and to the public;
(5) store information; and
 (6) provide and receive any other service to and from the agencies and local governments or the public.
Id. § 2054.252(a). The Authority is responsible for operating, promoting, and evaluating the project. See id. § 2054.259. Also, the Authority must coordinate the project and assist governmental entities utilizing the project. See id. § 2054.261. The Authority may prepare rules that DIR's governing board may adopt. See id. § 2054.262.
Under chapter 2054, subchapter K of the Government Code, the Authority must administer a common electronic system enabling government agencies to use the Internet for occupational licensing so that the agencies may:
 (1) send occupational licenses and other documents to persons regulated by the authority and to the public;
 (2) receive applications for occupational licenses and other documents for filing from persons regulated by the authority and from the public, including documents that can be electronically signed if necessary; and
 (3) receive required payments from persons regulated by the authority and from the public.
Id. § 2054.353(a). The Authority must charge licensing entities a subscription fee sufficient to cover the cost of implementing the project with respect to the entities. See id. § 2054.252(e). Effective until September 1, 2005, the licensing entities must pass on subscription costs as follows:
 Each licensing entity shall increase the occupational license issuance or renewal fees imposed by the licensing entity by an amount sufficient to cover the cost of the subscription fee imposed on the licensing entity under Subsection (e) but not to exceed:
. . .
(2) $10 for a biennial occupational license;[2] or
 (3) the amount necessary to cover the cost of the subscription fee imposed on the licensing entity under Subsection (e) for permits or facilities licenses.
Id. § 2054.252(g); see also Act of May 14, 2001, 77th Leg., R.S., ch. 342, § 7, 2001 Tex. Gen. Laws 623, 628 (stating that section 2054.252(g) expires September 1, 2005). The Authority may exempt a licensing entity from participating in the system only if the Authority determines (1) that the licensing entity already has established an Internet portal that performs the same functions described in section 2054.353(a), or (2) that "online license renewal for the licensing entity would not be cost-effective or in the best interest of the project." Tex. Gov't Code Ann. §2054.353(d) (Vernon Supp. 2004-05). Section 2054.352 specifies the Board by name as one of the entities that must participate in the electronic licensing system established in section 2054.353.See id. § 2054.352(a)(1) ("The following licensing entities shall participate in the system established under Section 2054.353 . . . : (1) State Board of Barber Examiners . . . .").
The Board's authority to regulate and license barbers and manicurists is located primarily in chapter 1601 of the Occupations Code. See Tex. Occ. Code Ann. §§ 1601.001-.713 (Vernon 2004). The Board has rulemaking authority "necessary for the performance of its duties" and "by rule may define any term necessary to administer or enforce [chapter 1601]." Id. § 1601.151(d)(1), (e). The Board must issue the appropriate license or certificate to applicants who meet specified requirements. Seeid. §§ 1601.253 (Class A barber certificate), .254 (teacher's certificate), .256(d) (barber technician's license), .257(c) (manicurist's license).
The Board may not issue or renew "a certificate or license until an applicant presents a health certificate from a physician stating that the applicant does not have an infectious or contagious disease." Id. § 1601.264, .402(d). You state that participation in the TexasOnline licensing system potentially conflicts with the requirement that applicants present a health certificate because "[s]uch a physical presentation cannot occur electronically." Request Letter, supra note 1, at 1.
We must harmonize statutes whenever possible. See La Sara GrainCo. v. First Nat'l Bank of Mercedes, 673 S.W.2d 558, 565 (Tex. 1984). Section 2054.352 of the Government Code unambiguously states that the Board "shall participate" in the online licensing system. Tex. Gov't Code Ann. § 2054.352(a)(1) (Vernon Supp. 2004-05). Sections 1601.264 and 1601.402 of the Occupations Code unambiguously state that the Board "may not" issue an original or renewal license or certificate until the applicant presents a health certificate. See Tex. Occ. Code Ann. §§ 1601.264, .402(d) (Vernon 2004). Both requirements are mandatory, and compliance with one does not preclude compliance with the other, as current Board practice illustrates. We note that your agency's TexasOnline website currently allows a licensee to update license information and pay the renewal fee online, but provides a caveat that the license will not issue until a health certificate has been presented.[3] We conclude that section 2054.352 of the Government Code, requiring the Board to participate in the electronic occupational licensing system established by the TexasOnline Authority, does not irreconcilably conflict with sections 1601.264 and 1601.402 of the Occupations Code, which prohibit the Board from issuing a new or renewal license or certificate until the applicant presents an appropriate health certificate.
No doubt, the health certificate requirement poses practical difficulties for online licensing. The Authority has recognized that an agency's need for supporting documentation makes online licensing difficult, requiring "workaround" procedures such as using agency personnel to match online data with documentation received by mail.[4] However, while sections 1601.264 and 1601.402 of the Occupations Code require an applicant to present a health certificate, the statutes do not specify the form of the health certificate or the method of its presentment.[5] The Board is authorized to promulgate rules and define terms necessary to accomplish the Board's oversight responsibilities. Consequently, the Board has the authority to determine methods of presentment consistent with the purposes and objectives of chapter 1601 of the Occupations Code. You may wish to consult with the Authority about whether an acceptable method of presenting a health certificate online is technologically feasible and about other strategies the Board may pursue to encourage your licensees' use of Internet services. See
Tex. Gov't Code Ann. § 2054.261(2) (the Authority is required to assist agencies who participate in the TexasOnline project).
 SUMMARY Section 2054.352 of the Government Code requires that the State Board of Barber Examiners participate in the electronic occupational licensing system established in connection with the TexasOnline Authority. That mandate does not irreconcilably conflict with the requirement that the State Board of Barber Examiners may not issue a new or renewal license or certificate until the applicant presents an appropriate health certificate.
Very truly yours,
Abbott signature
GREG ABBOTT
Attorney General of Texas
BARRY MCBEE
First Assistant Attorney General
DON R. WILLETT
Deputy Attorney General for Legal Counsel
NANCY S. FULLER
Chair, Opinion Committee
William A. Hill
Assistant Attorney General, Opinion Committee
[1] See Letter from Glenn Parker, Executive Director, State Board of Barber Examiners, to Nancy Fuller, Chair, Opinion Committee, Office of Attorney General (Apr. 29, 2004) (on file with Opinion Committee, also available at www.oag.state.tx.us) [hereinafter Request Letter]; see also Attachment to Request Letter entitled "Additional Information" [hereinafter Board Brief].
[2] Under section 1601.402(a), a license or certificate issued by the Board expires two years from the date of issuance. See
Tex. Occ. Code Ann. § 1601.402(a) (Vernon 2004).
[3] See State Board of Barber Examiners Barber and Manicurist License Renewal, available at www.texasonline.state.tx.us.
[4] See Texas Online Authority, Status Report on the TexasOnline Common Occupational Licensing System, at 18-19, 24 (Jan. 1, 2003), available at
http://www.dir.state.tx.us/pubs/txo/2003licensing.pdf.
[5] By contrast, this office has recently examined the difficulties that electronic filing poses for documents when statutes specify the documents' technical requirements. See Tex. Att'y Gen. Op. No. GA-0228 (2004) (discussing state statutes concerning real estate filings, the Federal Electronic Signatures in Global and National Commerce Act, 15 U.S.C. §§ 7001-7031
(2000), and the Uniform Electronic Transactions Act, Tex. Bus. 
Comm. Code Ann. §§ 43.001-.021 (Vernon Supp. 2004)).